UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARL SPENCER,
 a/k/a BARRINGTON STEWART,

              Petitioner,

v.                                                  9:16-CV-1461
                                                           (BKS)
DAVID MCLEAN, et. al.,

              Respondents.

---

APPEARANCES:                         OF COUNSEL:

CARL SPENCER,
 a/k/a BARRINGTON STEWART
08166-055
Petitioner, *pro se*
CI Moshannon Valley
555 Geo Drive
Philipsburg, PA 16866

BRENDA K. SANNES
United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

Petitioner Carl Spencer, also known as Barrington Stewart, filed papers that have liberally been construed as a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. §2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits, Dkt. No. 1-2, Cover Letter.[1] He paid the required filing fee. For the reasons that follow, this action is dismissed.

## II.    RELEVANT BACKGROUND

Petitioner was deported in 2006 from the United States to Jamaica after he was

---

[1] On December 19, 2016, the Court received a duplicate copy of petitioner's papers. *See* Dkt. No. 4.

convicted of a felony offense. *See* Dkt. No. 1-2 at 1.[2] In 2012, Immigration and Customs Enforcement ("ICE") officials learned petitioner had re-entered the United States, and he was subsequently arrested in Monroe County, located in the Western District of New York. *See United States v. Spencer*, No. 6:13-CR-6027, Dkt. No. 1, Criminal Complaint. He was charged in an indictment, filed in the Western District of New York in February 2013, with reentry of a removed alien (18 U.S.C. §§1326(a), 1326(b)(1)), aggravated identity theft (18 U.S.C. §1028A(a)(1)), and false claim to United States Citizenship (18 U.S.C. §911). *Id.* at Dkt. No. 8, Indictment. On November 13, 2014, a superceding indictment charged petitioner with of reentry of a removed alien (18 U.S.C. §§1326(a), 1326(b)(1)) and aggravated identity theft (18 U.S.C. §1028A(a)(1)). *Id.* at Dkt. No. 70, Superceding Indictment. On November 20, 2014, a jury convicted petitioner of both charges in the superceding indictment. *Id.* at Dkt. No. 76, Verdict Form. He was sentenced to serve an aggregate term of 66 months in prison followed by 2 years supervised release. Dkt. No. 81, Judgment.

Petitioner appealed, arguing:

> (1) the district court erred in (a) failing to suppress evidence seized during a search of Spencer's vehicle conducted after a traffic stop, (b) denying Spencer an adjournment after the filing of a superceding indictment, and (c) denying a mistrial after a witness testified as to suppressed matters; (2) the evidence was legally insufficient to support conviction; and (3) the deportation order underlying his illegal reentry conviction is invalid.

*Spencer*, No. 6:13-CR-6027, Dkt. No. 95, Mandate at 2; *see United States v. Spencer*, 646 F. App'x. 6, 8 (2d Cir. 2016).[3] On May 24, 2016, the Second Circuit Court of Appeals rejected petitioner's arguments and affirmed petitioner's conviction. *Spencer*, No. 6:13-CR-

---

[2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

[3] The Mandate did not issue until May 24, 2016. *Spencer*, No. 6:13-CR-6027, Dkt. No. 95 at 1.

6027 at 2-10; *Spencer*, 646 F. App'x. at 8-12.

## III. PETITIONER'S CLAIMS

In his papers, petitioner states that he was illegally deported in 2006 because the deportation order was based on fraudulent documents, including immigration bond documents. Dkt. No. 1-2 at 1-3. He appears to argue that attorneys Mark D. Hosken, Christian J. Kennedy and Mark D. Funk, who represented him in the criminal case in the Western District of New York, were ineffective for, among other things, failing to alert the district court that the documents used in the 2006 deportation proceeding were falsified. *See* Dkt. No. 1-2 at 3-10. Petitioner addressed his papers to Hon. Glenn T. Suddaby, the Chief Judge of this Court, and asked Judge Suddaby to provide him with "legal assistance in these matters." Dkt. No. 1-2 at 9. He also argues the 2006 "prior order of deportation should be 'void' as a matter of 'law and facts,'" and "seeks an investigation into this matter because he was deported through 'fraudulent means[.]'" Dkt. No. 1 at 2-3.

For a complete statement of petitioner's claims, reference is made to petitioner's papers.

## IV. DISCUSSION

Generally, federal prisoners may challenge their detention pursuant to two statutes, 28 U.S.C. §2241 and 28 U.S.C. §2255. *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. §2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to

section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (section 2255 directed claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).[4]

The gravamen of petitioner's argument is that his conviction is unlawful because the 2006 deportation order, upon which his reentry conviction was based, was invalid, and his attorneys were ineffective. *See* Dkt. Nos. 1, 1-2. Based upon his papers, petitioner is challenging the legality of his conviction and/or the imposition of his sentence, rather than its execution. Regardless, though, of how this petition is characterized, venue is not appropriate

---

[4] In rare circumstances not present here, federal prisoners may challenge the validity of their convictions under section 2241 if they can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). Section 2255 is inadequate or ineffective only when the failure to allow collateral review would raise serious constitutional questions because the prisoner can "prove actual innocence on the existing record" and he or she "could not have effectively raised" his or her claims "of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363) ((internal quotation marks omitted).

in this district.

A writ of habeas corpus may be granted by district courts "within their respective jurisdictions." 28 U.S.C. § 2241(a). Petitioner has not alleged any facts to suggest that this action is properly brought in the Northern District of New York. He was convicted and sentenced in the Western District of New York. Thus, if petitioner wants to challenge his underlying judgment of conviction, he must bring his petition in the Western District of New York. *See Boumediene*, 553 U.S. at 775. Petitioner is in federal custody at the Moshannon Valley Correctional Institution in Centre County, Pennsylvania, located in the Middle District of Pennsylvania, and was so confined at the time he filed his habeas petition. 28 U.S.C. §118(b). If petitioner is attempting to challenge the conditions of his confinement, venue for those claims would be proper in the Middle District of Pennsylvania. 28 U.S.C. § 2241(a); *see Rumsfeld*, 542 U.S. at 443 (with respect to "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

For the reasons set forth above, this action is dismissed. *See* 28 U.S.C. § 1406(a); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer [under 28 U.S.C. § 1406(a)] is appropriate lies within the sound discretion of the district court.") (citation omitted); *Bell v. United States*, No. 9:08-CV-0215 (FJS/GHL), 2008 WL 1946035 at *2 (N.D.N.Y. Apr. 29, 2008) (dismissing habeas petition brought pursuant to 28 U.S.C. § 2241 where the petitioner was not sentenced or incarcerated in the Northern District of New York).[5]

---

[5] The Court declines to construe petitioner's papers as an action brought pursuant to 28 U.S.C. §2255 because venue is improper in this Court. *Boumediene*, 553 U.S. at 775. Additionally, section 2255 motions are subject to certain restrictions: (1) a one-year statute of limitations that generally begins to run from the date on which the conviction became final (28 U.S.C. § 2255(f)(1)-(4)); and (2) petitioners are generally permitted to file only one section 2255 petition challenging a particular federal court judgment. 28 U.S.C. § 2255(h). Once the

5

To the extent petitioner may be attempting to independently challenge the validity of the 2006 deportation order, he may not do so in this Court. The REAL ID Act of 2005, codified at 8 U.S.C. §1252, divested district courts of jurisdiction to decide direct and indirect challenges to final orders of removal, and eliminated the "availability of habeas corpus as a separate means of obtaining judicial review of a final order of removal." *De Ping Wang v. Dep't of Homeland Sec*., 484 F.3d 615, 618 (2d Cir. 2007); *see* 8 U.S.C. §1252(a)(2)(D) (providing that judicial review of certain "constitutional claims or questions of law" may be raised upon a "petition for review filed with an appropriate court of appeals [.]"); 8 U.S.C. §1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]"); *Luna v. Holder*, 637 F.3d 85, 86 (2d Cir. 2011) (noting that the "sole and exclusive means of challenging a final order of removal is to file a petition for review in a federal court of appeals."); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam) ("We conclude that Delgado is indirectly challenging her reinstated order of removal, and accordingly, we hold that section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge.").

Finally, petitioner is advised that the Court does not conduct "investigations" or provide

---

first section 2255 motion has been decided on the merits, a petitioner may not file a second or successive motion challenging the same federal conviction without first seeking permission to do so from the appropriate federal Court of Appeals - in this case, the Second Circuit. 28 U.S.C. § 2255(h).

Because of these restrictions, a filing may not be converted into first section 2255 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *Castro v. United States*, 540 U.S. 375, 383 (2003). The Second Circuit affirmed petitioner's conviction on April 14, 2016, and the Mandate issued on May 24, 2016. *See Spencer*, No. 6:13-CR-6027, Dkt. No. 95, Mandate; *Spencer*, 646 F. App'x. at 6. It is unclear whether petitioner filed a section 2255 motion in the Western District, or if he intended his papers filed in this Court to be so construed. It appears, however, that petitioner still has time to file a section 2255 motion in the Western District of New York if he wants to pursue that remedy. *See* 28 U.S.C. §2255(f).

6

individuals with legal assistance or advice. Therefore, to the extent petitioner asks the Court to: (1) investigate the basis for his claims (Dkt. No. 1 at 3), or (2) "provide" him with "legal assistance" (Dkt. No. 1-2 at 9), those requests are denied.

## V. CONCLUSION

Wherefore, it is hereby

**ORDERED** that this action, Dkt. No 1, is dismissed; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[6] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: January 10, 2017

Syracuse, NY

Brenda K. Sannes
U.S. District Judge

---

[6] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").